UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-81696-CIV-MIDDLEBROOKS

PATRICIA GONZALEZ and LESHA
ROSARIO,

    Plaintiffs,

v.

JAMES BATMASIAN, an individual d/b/a
Investments Limited and individually and
MARTA BATMASIAN, an individual d/b/a
Investments Limited, and individually,

    Defendants.
_____/

### PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE DEFENDANTS USE OF WITNESSES WHO FAILED TO APPEAR AT DEPOSITION

    Plaintiffs, Patricia Gonzalez and Lesha Rosario ("Plaintiffs"), through their counsel, file this Motion in Limine, and state:

### BACKGROUND

    This is a wage and hour case brought against Defendants alleging that Plaintiffs were subjected to unlawful compensation based on Defendant' failure to compensate them for their overtime and off-of-the-clock hours. Plaintiffs assert allegations against the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (*Complaint* ¶ 1). Pursuant to the Court's Scheduling Order, discovery ended on February 20, 2017. The Plaintiffs set numerous depositions who did not appear for their depositions, including Nancy Tyson, Dermaine Spencer, George St. Clair, and Winston Copeland. The parties had an agreement that Plaintiff would produce Ms. Rosario outside of the discovery period for her deposition and Defendants would produce these for deposition, but it is clear that defense counsel is not living up to that agreement, as he filed a Motion to Dismiss Plaintiff Rosario's claims for not appearing at a deposition. The Defendants gave excuses as to why the deponents (who are all on the Defendants' witness list) could not appear for deposition, Nancy Tyson was on vacation, George St. Clair was busy, Dermaine Spencer (no reason), Winston Copeland did not have transportation

and they did not know how to get in touch with him.  When Amber Venzal a current employee was deposed, she said it was easy to contact Mr. Copeland, she had his cell phone number and would call and arrange for him to appear for his deposition, and then Defendants stated that he did not have transportation, and Plaintiffs' counsel then offered to arrange for Uber or taxi transportation, but he still failed to appear.  What is sad is that Defendants are claiming that Gonzalez had the authority to hire and fire, but the truth is that Mr. Batmasian makes those decisions and he admitted hiring Winston Copeland.  Mr. Copeland's presence from the deposition was being intentionally concealed because it became known to defense counsel that Plaintiff's counsel knew that Mr. Copeland was an illegal alien and Mr. Batmasian knew this why he was hired and knew this the whole time (several years) that he has continued to employ Mr. Copeland.  He instructed Mr. Copeland to have a friend create an LLC for Mr. Copeland so Mr. Batmasian could pay the LLC directly and thus there would be no proof that he was paying an illegal alien.  These are all serious crimes, and cut against any executive exemption that the Defendants claim applies to Gonzalez.

## **MEMORANDUM OF LAW**

### I. THE WITNESSES NOT TIMELY PRODUCED FOR DEPOSITION BE EXCLUDED.

Federal Rule of Civil Procedure 26(a)(1)(A) states in pertinent part that

> [A] party must . . . provide to the other parties:  (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . .

Fed. R. Civ. P. 26(a)(1)(A).  Due to the Plaintiff's Rule 26 violations, the active procurement in having disclosed witnesses not appear for their depositions should require that the witnesses not be allowed to testify, and they should be stricken from the Defendants' Witness List, and those witnesses should be disallowed from having any participation in this lawsuit, whether at trial, or in pretrial matters.  Fed. R. Civ. P. 26, 37(c)(1).

The courts have held that the failure to timely disclose witnesses warrants that any proposed admission of them into evidence be excluded from trial and that the use of any

witnesses be excluded. *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992); *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos.*, 803 F.2d 1160, 1163 (11th Cir. 1986); *Faulk v. Volunteers of Am., N. Ala., Inc.,* 2011 WL 3687861 (11th Cir. 2001) (upholding the district court's exclusion of witnesses who were not disclosed on a party's Rule 26 initial disclosures); *Wilson v. AM General Corp.*, 167 F.3d 1114 (7th Cir. 1999); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) ("The sanction of exclusion is mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless"); *Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659 (M.D. Ala. 2000) (holding same). In *Hancock*, the court upheld the exclusion of the witness's testimony when the party proffering the witness failed to disclose the witness to the opposing party until five months after learning of the witness's testimony. Here, defense counsel undoubtedly knew or should have known about these exhibits long before after the discovery period ended, yet failed to disclose and produce those exhibits.

In 1993, Rule 26 was amended to contain an initial disclosure requirement.[1] Also in the 1993 Amendments, in order to reinforce into Rule 26's mandatory initial disclosure requirement, Rule 37(c)(1) was amended to require automatic exclusion of all information not included in the mandatory initial disclosures, unless the non-disclosing party could prove that its failure to disclose was "substantially justified". The Advisory Committee Notes specifically note that "[t]his automatic sanction provides strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Advisory Committee Notes*, 146 F.R.D. at 691.

This automatic exclusion sanction has been found to be a standard sanction by the courts. *See, e.g., Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301 (1st Cir. 1999); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709 (7th Cir. 1999); *Chalal v. Northwest Med. Ctr., Inc.*, 147 F. Supp. 2d 1160 (M.D. Ala. 2001). These cases require that the witness in question be excluded from this trial. The initial disclosure requirement contained in Rule 26 specifically requires that the parties disclose the subjects of information that each individual with discoverable information has. Fed. R. Civ. P. 26(a)(1)(A)(i).

---

[1] While the Local Rules for the Southern District of Florida opted out of this disclosure requirement, the 2000 Amendments to Rule 26 removed the opt-out provision, in order to provide uniform discovery practices in the federal courts.

Even before the 1993 Amendments requiring initial disclosures were made operative, the courts routinely disallowed witnesses from testifying who were not timely disclosed to the opposing side. *See, e.g.*, *Newman v. Staley Mfg. Co.*, 648 F.2d 330 (5th Cir. 1981); *Keyes v. Lauga*, 635 F.2d 330 (5th Cir. 1981). Both of these cases were decided by the former Fifth Circuit prior to the close of business on September 30, 1981, and are therefore binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Under either line of cases (that is, the line specifically pertaining to Rule 26, or the line dealing with untimely disclosure under a scheduling order which predate the 1993 Amendments to Rule 26), the courts are essentially saying the same thing: basic fairness requires the witnesses be made available for deposition. The reasoning behind both line of cases is the same: trial by ambush is not allowed in civil cases in federal court, and full and frank disclosure of known evidence is required in order to facilitate our adversary system in order to aid possible settlement, the flow of information, and to allow the parties to sharpen issues by deposing or requesting discovery for witnesses in the case. The same applies to exhibits. *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1549 (11th Cir. 1984) (stating that supplementation is not to be allowed when the other party would be "prejudicially surprised", or when it would result in trial by ambush).

Furthermore, Federal Rule of Civil Procedure 37(c)(1), entitled "Failure to Disclose or Supplement," states in pertinent part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The witness and documents referenced herein were not disclosed to Plaintiffs until well after it was too late for Plaintiffs to learn anything about what purported relevance, and/or knowledge of the issues in the case, that they have, and before Plaintiffs could depose witnesses about them before the end of the discovery period in this case. Thus, the Defendant's failure to disclose was not harmless, nor can he show that this failure was substantially justified. To the contrary, the Defendants purposefully did not have these witnesses appear for deposition, particularly after they saw how poorly Glaister Newman did (the Defendants tried to get him to say that Gonzalez was a manager and supervised people but he said that she did not and counsel not and the supervisor was the crew leader Sheldon). This is precisely the type of "prejudicial surprise" and "trial by ambush" that

the Federal Rules of Civil Procedure forbid with respect to the supplementation of discovery and/or initial disclosure responses. *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1549 (11th Cir. 1984) (stating that supplementation is not to be allowed when the other party would be "prejudicially surprised", or when it would result in trial by ambush). Accordingly, the untimely produced witnesses in which there was active concealment in them not appearing by the Defendant should be stricken from the Defendants' Witness List, and disallowed from being used at trial, or from participating in this litigation in any other way.

## CONCLUSION

For the foregoing reasons, the Court should exclude 1) the mortgage and note and essentially the counterclaim attempted to be recast as a setoff; 2) any evidence of loans made to the Plaintiffs and their family members; and 3) untimely disclosed and produced documents; and 4) Gonzalez's husband job.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1.A.3

I HEREBY CERTIFY that undersigned counsel has conferred in writing concerning these issues and defense counsel does not agree to the relief sought.

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on February 27, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served via the Notice of Electronic filing upon the following registered users via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing to Rod Coleman.

                  Glasser & Kleppin
                  Attorneys for Plaintiff
                  8751 W. Broward Blvd.
                  Suite 105
                  Plantation, FL 33324
                  Tel.  (954) 424-1933
                  Fax  (954) 474-7405
                  E-mail:  Glabor@aol.com


                 By__s/Chris Kleppin_____
                   Chris Kleppin
                   Fla. Bar No. 625485

C:/MyDocuments/Gonzalez/Pltf'sMinLimine02/27/17