UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-81696-MIDDLEBROOKS

PATRICIA GONZALEZ, and LESHA
ROSARIO,

    Plaintiffs,

v.

JAMES BATMASIAN, and MARTA
BATMASIAN,

    Defendants.
_____/

## ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Cross-Motions for Summary Judgment. On February 27, 2017, Plaintiffs Patricia Gonzalez ("Gonzalez") and Lesha Rosario ("Rosario") (collectively, "Plaintiffs") filed a Motion for Summary Judgment ("Motion for Summary Judgment"). (DE 54). Defendants James Batmasian and Marta Batmasian filed a Response ("Defendants' Response") on March 13, 2017 (DE 72), to which Plaintiffs replied on March 15, 2017 (DE 84). In Defendants' Response, they did not expressly refute each paragraph of Plaintiffs' Statement of Facts, and on March 20, 2017, Defendants filed a Motion to File Response to Plaintiffs' Statement of Facts Out of Time ("Motion to File Untimely Response"). (DE 98).

On February 27, 2017, Defendants filed a Motion for Summary Judgment as to the Exempt Status of Plaintiff Patricia Gonzalez ("Partial Motion for Summary Judgment") (DE 48), to which Gonzalez responded on March 13, 2017 (DE 71). Defendants did not file a reply.

Defendants also filed various motions to strike portions of Plaintiffs' filings. On March 13, 2017, Defendants filed a Motion to Strike Declaration of Patricia Gonzalez ("Motion to Strike

Declaration") (DE 70), arguing that portions of Gonzalez's Declaration conflicted with her deposition testimony. Plaintiffs filed a response on March 16, 2017. (DE 87).

On March 16, 2017, Defendants filed an Amended Motion to Strike Portions of Plaintiffs' Statement of Undisputed, Material facts ("Motion to Strike SOF") (DE 86), moving to strike all references in Plaintiffs' Statement of Facts to: (1) depositions taken in another proceeding, (2) portions of James Baker's Declaration, and (3) Rosario's Declaration. On March 17, 2017, Plaintiffs filed a response. (DE 92),

On March 20, 2017, Defendants filed a Motion to Strike Portions of Plaintiffs' Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment ("Motion to Strike Responsive SOF") (DE 99), moving to strike all references in Plaintiffs' Responsive Statement of Facts to: (1) Gonzalez's Second Declaration, and (2) portions of James Barker's Second Declaration.

I.  **Background**

James Batmasian and Marta Batmasian are employers within the meaning of the FLSA, who acquire and manage residential and commercial real estate. (Defendants' Response, DE 72 at 2 ("Defendants concede that they are employers within the meaning of FLSA"); Defendants' Statement of Facts ("DSOF") ¶ 3; Plaintiffs' Responsive Statement of Facts ("PRSOF") ¶ 3).

Plaintiff Gonzalez worked for Defendants from 2005 until July 23, 2015. (Plaintiffs' Statement of Facts ("PSOF"), DE 53 ¶ 4). The Parties agree that Gonzalez worked as a commercial leasing agent, but dispute whether she also worked as a property manager. (DSOF ¶ 2; PRSOF ¶ 2). The Parties dispute the scope of Gonzalez's duties, but agree that her duties included showing vacant units to prospective tenants, preparing lease space for new tenants, dealing with "tenant

issues," and attending meetings. (DSOF ¶ 8; PRSOF ¶ 8). The Parties dispute whether Gonzalez was paid on a salaried basis. (DSOF ¶ 6; PRSOF ¶ 6; PSOF ¶ 23).

Plaintiff Rosario worked for Defendants from December 2010 until December 2012 as a legal assistant. (PSOF ¶ 4). Defendants concede that Rosario was an hourly employee, entitled to overtime compensation. (Defendants' Response at 2). The Parties dispute whether Rosario worked unpaid overtime hours. (PSOF ¶ 38; Defendants' Response at 2).

On October 9, 2016, Plaintiffs filed a Complaint, each alleging a cause of action for failure to pay overtime wages under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). (DE 1).

## II. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)).

Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). "The non-movant's response must be tailored to the method by which the movant carried its initial burden."

3

*Hinson v. United States*, 55 F. Supp. 2d 1376, 1380 (S.D. Ga. 1998), *aff'd,* 180 F.3d 275 (11th Cir. 1999). "If the movant presented evidence affirmatively negating a material fact, the non-movant 'must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated.'" *Id.* (citing *Fitzpatrick v. City of Altanta*, 2 F. 3d 1112, 1116 (11th Cir. 1993)). "If the movant demonstrated an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was 'overlooked or ignored' by the movant, or 'come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Id.* (citing *Fitzpatrick*, 2 F.3d at 1116)).

When the moving party bears the burden of proof at trial, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (internal citation omitted). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.* (internal quotations and citations omitted).

### III. Discussion

#### A. Patricia Gonzalez's Claim

Defendants argue that Gonzalez's overtime claim fails because she qualifies for the administrative and executive exemptions from overtime compensation.[1] *See* 29 U.S.C. § 213(a)(1).

---

[1] As the employer, Defendants "carr[y] the burden of proving the exemption, and the overtime exemption provisions of the FLSA are narrowly construed against the employer." *Fairris v. City of Bessemer*, 252 F. App'x 309, 310 (11th Cir. 2007) (citing *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995)). The standard of proof is clear and convincing evidence. *Klinedust v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) ("clear and affirmative evidence");

4

Gonzalez asserts that she was not paid on a salaried basis because her salary was subject to reduction based on the quantity and quality of work she performed.

The FLSA requires an employer to pay time-and-a-half overtime compensation to any employee who works more than 40 hours per workweek, unless the employee is exempt from overtime compensation. 29 U.S.C. § 216(b). Section 213(a)(1) exempts "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

To qualify for any of these exemptions, an employee must be compensated on a salary basis. 29 C.F.R. § 541.600. "An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed.*" 29 C.F.R. § 541.602 (emphasis added). "If the facts demonstrate that the employer has an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions." 29 C.F.R. § 541.603.

An employee is "subject to" improper deductions "when employees are covered by a policy that permits disciplinary or other deductions in pay as a practical matter." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotations omitted). "That standard is met . . . if there is either an actual practice of making such deductions or an employment policy that creates a significant likelihood of such deductions." *Id.* (internal quotations omitted). Pursuant to the Code of Federal Regulations:

---

*Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) ("Employers must prove by clear and convincing evidence that an employee qualifies for exemption.").

5

> An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis. The factors to consider when determining whether an employer has an actual practice of making improper deductions include, but are not limited to: the number of improper deductions, particularly as compared to the number of employee infractions warranting discipline; the time period during which the employer made improper deductions; the number and geographic location of employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions.

29 C.F.R. § 541.603. While "actual deductions" are not required, in their absence courts "require[] a clear and particularized policy – one which effectively communicates that deductions will be made in specified circumstances." *Auer*, 519 U.S. at 461 (quotations omitted). On the other hand, a single deduction may be insufficient to establish an actual practice of improper deductions. *Id.* at 462.

In support of their argument that Gonzalez was exempt, Defendants provide Gonzalez's compensation reports, which show that she was paid bi-weekly, in an amount starting at $1,400.[2] (Rosario's Compensation Reports, DE 49-3). The compensation reports do not include deductions based on hours worked. (*Id.*)

In support of their argument that Gonzalez was not exempt because her pay was subject to reduction, Plaintiffs offer the following:

(1) Gonzalez stated that her "pay was subject to being docked if I missed time, and thus was subject to reduction for quality or quantity of work."[3] (Gonzalez Declaration, DE 53-16 ¶ 3).

---

[2] The compensation reports show that Gonzalez received periodic pay raises, and was eventually paid $1,588.46. (Rosario's Compensation Reports).
[3] In their Motion to Strike Gonzalez's Declaration, Defendants do not move to strike this statement. However, Defendants' Motion to Strike Responsive SOF objects to paragraph 3 of Gonzalez's Second Declaration, which also contains the statement at issue here. Given the inconsistency in Defendants' Motions, it appears that Defendants move to strike only the new portions of Gonzalez's Second Declaration, and not the statement at issue here.

6

(2) James Baker ("Baker"), who worked in a management capacity for Defendants from June 2007 to May 2013, stated that "[t]he main problem with the Defendants' approach to overtime was that it made it look like the employees in these categories were being paid a 'salary' because they got the same pay every two weeks, but it was subjected to docking."[4] (Baker Second Declaration, DE 69-4 ¶ 11). By "these categories," Baker may be referring to commercial leasing agents and property managers. (Baker Second Declaration ¶ 11).

(3) In his deposition, James Batmasian was asked if "employees could be docked pay, the commercial leasing agents?" (J. Batmasian Deposition, DE 53-4 at 46). James Batmasian responded, "I don't know. I suppose they can – we can. I don't know if we can legally here, or what the rule is, but I guess it would be better to dock their pay or suspend them than it would be to permanently part ways. It's kind of like a warning." (J. Batmasian Deposition at 46).

Plaintiffs offer some evidence that the pay of commercial leasing agents and property managers was subject to deductions, based on the quantity of hours worked. However, it does not conclusively establish an actual practice of improper deductions. The records of Gonzalez's compensation do not show any deductions based on hours worked. Furthermore, Gonzalez and Barker provide no details on the circumstances under which pay was "subject to docking." They do not state the number of improper deductions, the number of employee infractions warranting discipline, the managers responsible for taking the improper deductions, the time period during which the practice applied, or whether Defendants had a clearly communicated policy permitting or

---

[4] In their Motion to Strike Responsive SOF, Defendants move to strike Baker's Second Declaration because it contains hearsay and conclusory facts, but do not specify which portions are objectionable. Without more specificity on how this statement is hearsay or conclusory, the Court concludes that Defendants' Motion does not object to the particular statement at issue here.

7

prohibiting improper deductions. James Batmasian's testimony suggests that disciplinary reductions were a possibility, but provides no evidence as to whether, and to what extent, deductions were made as a practical matter.

Plaintiffs also offer other depositions, from a separate proceeding, of Defendants' employees. Karla Sotomayor, a property manager and commercial leasing agent from 2000 to March 2010, stated that James Batmasian "deducted the time" when she picked up her daughter. (Sotomayor's Deposition, DE 53-7 at 18). James Baker testified that Marta Batmasian would "slash people's overtime, pay them their 40 hours and penalize them because of the hours that they worked." (Baker Deposition, DE 53-10 at 7). Baker stated that deductions were made to the compensation of "a number of people in property management," and that "it went across the company," although he could not recall specific names with certainty. (Baker Deposition at 8). When asked how many times commercial leasing agents were docked pay, he replied, "More than five. I mean, more than 10. I mean, I would have to check the payroll records." (Baker Deposition at 9).[5]

In their Motion to Strike SOF, Defendants move to exclude these three depositions as inadmissible hearsay. Plaintiffs respond that the Eleventh Circuit permits the admission of a deposition taken in a different proceeding under Fed. R. Evid. 804(b)(1), "if the party against whom it is offered had an opportunity to examine the deponent." *See Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 751 (11th Cir. 2002). Plaintiffs argue that Defendants either deposed, or cross-examined, all three individuals during these depositions. However, Plaintiffs neglect Rule 804(b)(1)'s other requirements, including that the declarant be unavailable and that the opposing

---

[5] Plaintiffs also offer the deposition of Stacey Blake, a commercial leasing agent until August 2014, who stated that he never worked less than 62.5 hours per week, and was required to work every other Saturday. (Blake Deposition, 53-6 at 22). The relevance of his testimony to Plaintiffs' argument that Gonzalez's pay was subject to improper deductions is not clear.

8

party have a similar motive to develop the declarant's testimony. Fed. R. Evid. 804(b)(1). In addition, the Parties dispute whether they agreed to exclude the use of these depositions.

The Court need not determine whether it may consider these three depositions on summary judgment because they do not change the result. As discussed above, Plaintiffs have provided some evidence that other employees', or perhaps Gonzalez's, pay was subject to improper deductions. On the other hand, even with this evidence, which lacks specificity on the circumstances under which reductions were possible, or the extent to which they actually occurred, Defendants' evidence of Gonzalez's compensation records is sufficient to withstand a directed verdict motion at trial on this factual dispute.

In sum, in light of Plaintiffs' evidence, Defendants have not established that Gonzalez was an exempt employee because there is, at a minimum, a factual dispute as to whether Gonzalez was a salaried employee. That factual dispute also precludes entry of summary judgment in Plaintiffs' favor.[6] Accordingly, Defendants' Partial Motion for Summary Judgment is denied, and Plaintiffs' Motion for Summary Judgment as to Gonzalez is denied.

### B. Lesha Rosario's Claim

Defendants argue that they paid Rosario overtime wages for the overtime hours that she worked. Rosario responds that she was not paid for the hours she continued to work after she punched out on her time clock, as directed to do by her supervisor, Jason Lazar.

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess

---

[6] Because Plaintiffs cannot meet their burden on summary judgment, the Court need not determine whether to deem Plaintiffs' Statement of Facts admitted based on Defendants' failure to respond. See Reese v. Herbert, 527 F.3d 1253, 1268-69 (11th Cir. 2008) ("[T]he movant is not 'absolved of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.").

of the hours above specified at a rate not less than one and one-half times the regular rate . . . ." 29 U.S.C. § 207.

Rosario stated that she "worked overtime hours, was paid for some of them . . . but regularly and recurrently was asked by one of my supervisors Jason Lazar, Defendants' general counsel, to clock out and continue working, because the Batmasians do not like to pay overtime. Some of the overtime hours were paid for in cash by Mr. Batmasian at a straight time rate, while others were not paid at all. I worked approximately 60 hours per week on average."[7] (Rosario Declaration, 53-17 ¶ 3). In addition, James Baker stated that Rosario would "clock out but continue to work." (Baker Third Declaration, DE 84-1 ¶ 3).

In response, Defendants submit the Affidavit of Nancy Tyson ("Tyson"), Defendants' Payroll Manager, who states that Rosario "was always compensated for overtime work."[8] (Tyson Declaration, DE 72-1 at 1). Attached to Tyson's Affidavit are Rosario's compensation records, which indicate that she was paid at an overtime rate when she worked more than 40 hours per week. (Rosario's Compensation Records, DE 72-1). This evidence is sufficient to create a genuine issue of material fact as to whether Defendants denied Rosario overtime pay.[9] Accordingly, Plaintiffs' Motion for Summary Judgment on Rosario's claim is denied.[10] It is hereby

---

[7] In their Motion to Strike SOF, Defendants move to strike Rosario's Declaration, arguing that she did not appear at her deposition or reschedule it. I need not determine whether to strike Rosario's testimony because even with Rosario's Declaration, Plaintiffs have not established that they are entitled to summary judgment.

[8] Rosario argues that Tyson's Affidavit does not assert the basis for her knowledge of Rosario's compensation, and therefore cannot be considered. Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. James Baker's Third Declaration states that Tyson was Defendants' Payroll Manager. (Baker Third Declaration ¶ 4). Tyson's position as Payroll Manager is sufficient to establish her personal knowledge of Rosario's compensation.

[9] Although Defendants failed to timely file a responsive Statement of Facts in the format required by Local Rule 56.1(a), I decline to deem admitted Plaintiffs' statement that Rosario was not paid overtime. *See Reese*, 527 F.3d at 1270 (holding that court has "broad discretion" to overlook

**ORDERED AND ADJUDGED** that

(1) Plaintiffs' Motion for Summary Judgment (DE 54) is **DENIED.**

(2) Defendant's Partial Motion for Summary Judgment (DE 48) is **DENIED.**

(3) Defendants' Motion to File Untimely Response (DE 98) is **DENIED AS MOOT.**

(4) Defendants' Motion to Strike Declaration (DE 70) is **DENIED AS MOOT.**

(5) Defendants' Motion to Strike SOF (DE 86) is **DENIED AS MOOT.**

(6) Defendants' Motion to Strike Responsive SOF (DE 99) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 29 day of March, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

noncompliance with Local Rule 56.1). Defendants expressly controverted this assertion in their Response, and filed supporting evidence in the proper format. *See Helmich v. Kennedy*, 796 F.2d 1441, 1443 (11th Cir. 1986) (holding supporting facts must be asserted in an affidavit, not a brief).
[10] Defendants did not move for summary judgment on Rosario's claim.

11