UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-81696-CIV-MIDDLEBROOKS/BRANNON

PATRICIA GONZALEZ, and
LESHA ROSARIO,

      Plaintiffs,

v.

JAMES BATMASIAN, and
MARTA BATMASIAN,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO SEVER

THIS CAUSE comes before the Court on Defendants James Batmasian and Marta Batmasian's ("Defendants") Motion to Sever Plaintiff's Claims ("Motion"), filed on February 27, 2017. (DE 52). Plaintiffs Patricia Gonzalez ("Gonzalez") and Lesha Rosario ("Rosario") (collectively, "Plaintiffs") filed their response on March 15, 2017 (DE 83), to which Defendants replied on March 20, 2017 (DE 100). This case involves a suit by Gonzalez and Rosario against Defendants for failure to pay them overtime under the Fair Labor Standards Act ("FLSA"). Defendants move to sever Rosario's claim under Federal Rules of Civil Procedure 21 and 42. Defendants also ask the Court to order Rosario to sit for a deposition before trial. For reasons stated below, Defendants' request to sever Rosario's claim is denied. The Parties may continue to conduct depositions, including the deposition of Rosario until the eve of trial.[1]

---

[1] Although Defendants have not filed a motion to compel Rosario's deposition, in various motions, including this one, they have repeatedly raised the argument that she did not appear for her deposition or reschedule it. Plaintiffs have responded that "the parties were working productively to accomplish the taking of the deposition," and agreed to do so after the close of discovery. (DE 83 at 2). The Parties do not need the Court's permission to continue to conduct

Although a Rule 21 motion for severance is distinct from a Rule 42(b) motion for a separate trial, they require a consideration of similar factors. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."). In determining whether to sever a claim under Rule 21, courts consider "whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied." *See, e.g.*, *Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 541-42 (S.D. Ala. 2007); *E-Z Pack Mfg, LLC v. RDK Truck Sales & Serv., Inc.*, No. 10-CV-1870-T-27AEP, 2011 WL 4343790, at *11 (M.D. Fla. Aug. 10, 2011). "Rule 42(b) of the Federal Rules of Civil Procedure affords a district court discretion to order separate trials where such order would further convenience, avoid prejudice, or promote efficiency." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001).

In assessing whether severance is appropriate under Rules 20 and 21, the term "transaction is a word of flexible meaning" that "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). For the commonality element, "only [] *some* question[s] of law or fact [need] be common to all parties." *Id.* at 1324. Both Plaintiffs' claims arise from their employment with Defendants, in which Defendants allegedly failed to pay them overtime, yet insisted they work more than 40 hours per week.

---

depositions that they did not accomplish during the discovery period. They may conduct depositions up until the date of trial, although I will not reopen summary judgment.

Thus, Plaintiffs' claims share a logical relationship and common questions of law and fact, including whether Defendants are an "employer" under the FLSA. In addition, because Plaintiffs intend to call many of the same witnesses, efficiency favors a single trial.

Defendants argue that the jury will likely be confused because Gonzalez did not clock in and clock out, but Rosario did. However, I am unconvinced that the jury will be unable to distinguish these circumstances. Finally, while Defendants argue they will be prejudiced if Plaintiffs show they had a practice of not paying overtime, Defendants have not shown how an FLSA case involving two employees will necessarily prejudice them. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion (DE 52) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 29 day of March, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of record