UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-81696-CIV-MIDDLEBROOKS/BRANNON

PATRICIA GONZALEZ AND
LESHA ROSARIO,

Plaintiffs,

v.

JAMES BATMASIAN, et al.

Defendants.
_____________________________________________/

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS & VERDICT FORM**

Defendants, pursuant to Local Rule 16.1 of the Southern District of Florida and Federal Rule of Civil Procedure 51, hereby submit their Proposed Jury Instructions.

Respectfully submitted,

ROD COLEMAN, PLLC
*Attorney for Batmasians*
400 South Dixie Highway
Suite121
Boca Raton, FL 33432
Tel.: (561) 620-9292

BY: */s/ Rod Coleman*
Rod Coleman, Esq.
Florida Bar No.: 371270
rfc@colemanattorneys.com
eh@colemanarrorneys.com

**Service List**
Chris Kleppin, Esq.
ckleppin@gkemploymentlaw.com
esinclair@gkemploymentlaw.com
dcano@gkemploymentlaw.com

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1**
**TO BE GIVEN AT THE BEGINNING OF THE CASE**

**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" --- simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is Not Evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But, the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question

suggests that it is. For example, a lawyer may ask a witness, “You saw Mr. Jones hit his sister, didn't you?” That question is not evidence of what the witness saw or what Mr. Jones did unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don’t permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence --- this is also called “striking” evidence and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of Witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says; part of it; or none of it. When considering a witness’s testimony, you may take into account:

- the witness’s opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness’s memory;
- the witness’s manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness’s testimony;
- the reasonableness of the witness’s testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I’ll give you additional guidelines for determining a witness’s credibility.

<u>Description of the Case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Patricia Gonzalez and Lesha Rosario, claim that they were employed by the Defendants in the position of commercial leasing agent and legal assistant respectively and that they worked more than 40 hours per week without being paid overtime that they are owed under the Fair Labor Standards Act, and that the Defendant knew that it had to pay them overtime and willfully failed to pay it.

The Defendants, James and Marta Batmasian, who are sued both in their capacity as 50/50 partners d/b/a Investments Limited and individually as people with day-to-day operational control over the partnership, deny Plaintiffs' claims and contend that Plaintiff Rosario was paid any overtime that she was owed and that Patricia Gonzalez is exempt from overtime, meaning she is not entitled to it, because she was an executive or administrative level employee.

<u>Burden of Proof</u>:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, in this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants. However, if Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them.

<u>Conduct of the Jury:</u>

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But, you must not discuss anything about the case itself with anyone. You may see or come across the lawyers in this case outside of the courtroom. Please understand that they are not being rude or discourteous to you if they do not speak with or say hello to you. They are simply following this court's protocol.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything all the evidence, the lawyers' closing arguments, and my instructions on the law-before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, the lawyers, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair no one else is so qualified.

Taking Notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the Trial

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, the Defendants may ask the witness questions --- this is called "cross-examining" the witness. Then Defendants will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instructions – General Preliminary Instruction 1.1. (2013 ed.).

GRANTED: ______________
DENIED: ______________
WITHDRAWN: ______________
GIVEN AS AMENDED: ______________

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

TO BE GIVEN AT THE CLOSE OF ALL THE EVIDENCE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you. You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.

Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.

You shouldn't be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority: Eleventh Circuit Pattern Jury Instructions 3.1, 3.2, 3.2.2, 3.3 (2013 ed.)

Given as Requested ______________________
Given as Modified ______________________
Refused ______________________
Withdrawn ______________________

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3
## INTERIM INSTRUCTIONS – DURING TRIAL

**(Interrogatories, Depositions, Stipulations, Publishing Evidence)**

### Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

### Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

### Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear—like all statements by the lawyers—is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

### Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

Authority: Basic Instructions No.2.6, 2.5, 2.4, 2.2, 2.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.)

Given as Requested ______________________
Given as Modified ______________________
Refused ______________________
Withdrawn ______________________

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

(Objections by Counsel)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Therefore, you should not be prejudiced against an attorney or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Authority: Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 11.03 (4th ed. 1987).

GIVEN AS REQUESTED ________________________
GIVEN AS MODIFIED ________________________
REFUSED ________________________
WITHDRAWN ________________________

DEFENDANTS OBJECT

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

("If You Find," or "If You Decide")

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Authority: Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.02 (4th ed. 1987).

GIVEN AS REQUESTED ______________________
GIVEN AS MODIFIED ______________________
REFUSED ______________________
WITHDRAWN ______________________

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6**

(Credibility of Witnesses)

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

Authority: Basic Instructions No.3.4, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.)

Given as Requested ______________________
Given as Modified ______________________
Refused ______________________
Withdrawn ______________________

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7**

**IMPEACHMENT OF WITNESSES**

(Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority: Basic Instructions No. 3.5.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.)

Given as Requested ______________________
Given as Modified ______________________
Refused ______________________
Withdrawn ______________________

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

(Burden of Proof – Plaintiffs' Claims)

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants.

Authority: Basic Instructions No. 3.7.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.).

Given as Requested ________________________
Given as Modified ________________________
Refused ________________________
Withdrawn ________________________

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9**

(Burden of Proof – Defendants' Affirmative Defense)

In this case, the Defendants assert the affirmative defenses of the executive and administrative exemptions, but only as to Plaintiff Gonzalez. Even if Plaintiff Gonzalez proves her claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by clear and convincing evidence, and the affirmatives are defenses are the executive and administrative exemptions which exempts certain executive or administrative employees from having to be paid overtime.

"Clear and convincing evidence" means a higher standard than a "preponderance of the evidence" but a lesser standard than "proof beyond a reasonable doubt".

I caution you that the Defendants do not have to disprove Plaintiff Gonzalez's claim, but if the Defendants raise an affirmative defense, the only way it can prevail on that specific defense is if they proves that defense by clear and convincing evidence.

Authority: Basic Instructions No. 3.7.2, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.); *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) (clear and convincing); *Gonzalez v. Batmasian*, -- F. Supp. 3d --, 2017 WL 1240095 n.1 (S.D. Fla.).

Given as Requested ________________________
Given as Modified ________________________
Refused ________________________
Withdrawn ________________________

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

(Fair Labor Standards Act – Overtime, Exemption, Willfulness)

In this case, Plaintiffs claim that Defendants did not pay them the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. To succeed on their claim against the Defendants, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: Plaintiffs were employees of the Defendants and that Defendants are an enterprise engaged in commerce; and

Second: Defendants failed to pay Plaintiffs the overtime required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Plaintiffs must prove by a preponderance of the evidence that they were an employee engaged in commerce or in the production of goods for commerce and employed by an enterprise engaged in commerce.

The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. An "enterprise engaged in commerce" means a business that has at least 2 employees engaged in commerce and has annual gross sales of at least $500,000. An employee engaged in commerce is one that handles, works on, or utilizes any type of good or material while at work that has previously moved in interstate commerce, such as vehicles, gasoline, office supplies, computers, telephones, etc.

Overtime claim, the FLSA requires an employer to pay an employee at least one- and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay

the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work. The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours weekly pay was intended to compensate. To calculate this rate for Ms. Gonzalez, divide 40 into the pay that she received for that week. That number will be Ms. Gonzalez's regular rate. For all hours over 40 in a workweek, multiply that number of hours for each week by time and one-half (1.5) those hours

Here is an example: let's say that you find that Ms. Gonzalez worked 54 hours one week (this is a finding that she worked 14 hours of overtime that week) and was paid in that same week $700/wk, your calculation for those 14 hours of overtime for that week would be as follows: $12.96/hr (regular rate) x 1.5 (overtime rate) = $19.44 x 14 (number of overtime hours) = $272.16.

If you find that Ms. Gonzalez is an exempt employee under either the executive or administrative exemptions, you will not decide the issue of Ms. Gonzalez's damages. But if you find that Ms. Gonzalez is not exempt, you must decide the issue of her damages. The amount of damages is the difference between the amount that Gonzalez should have been paid and the amount actually paid.

Concerning Ms. Rosario, Ms. Rosario has testified that she worked some hours off of the clock each week over 40 in a workweek, and that some of those overtime hours were paid by the Defendants at a straight time rate in cash. If you find that Ms. Rosario worked overtime and was not compensated, the amount of damages is the difference between the amount that Rosario should have been paid and amount actually paid.

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, the Plaintiffs claim that Defendants failed to keep and

maintain adequate records of their hours and pay. Plaintiffs also claim that Defendants' failure to keep and maintain adequate records has made it difficult for them to prove the exact amount of her claim. If you find that Defendants failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

Concerning Defendants' liability doing business as Investments Limited, because the Defendants have a partnership, both Defendants are equally liable for the actions of the other partner. So, if you find that one of the Defendants has more culpability than the other, your verdict must be as to both Defendants equally.

**Executive Exemption**

With respect to Plaintiff Gonzalez, Defendants claim that they are exempt from the FLSA's overtime provisions. This is what is known as an affirmative defense to a claim for overtime. Since it is a defense, the Defendants have the burden to prove it by clear and convincing evidence. The defense is called the executive exemption. To prove the executive exemption, the Defendants must prove the following four elements by clear and convincing evidence:

(1) Plaintiff Gonzalez was compensated on a salary basis at a rate of not less than $455 per week;

(2) Plaintiff Gonzalez's primary duty was management of the enterprise in which the employee is employed or a department or subdivision thereof;

(3) Plaintiff Gonzalez customarily and regularly directed the work of two or more other employees; and

(4) Plaintiff Gonzalez had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

## **Administrative Exemption**

In addition to the executive exemption, the Defendants have raised a defense that Gonzalez is exempt from being paid overtime if the Defendants can prove plainly and unmistakably by clear and convincing evidence that the administrative exemption applies to Gonzalez. In order to prove the administrative exemption, the Defendants need to show the following four requirements concerning Gonzalez:

(1) she was compensated on a salary basis at a rate of not less than $455 per week;

(2) Gonzalez's primary duty consisted of the performance of office or non- manual work 'directly related to management or general business operations of the employer or the employer's customers; and

(3) Gonzalez's primary duty included the exercise of discretion and independent judgment with respect to maters of significance.

If you find that James and Marta Batmasian are exempt on the claim of Patricia Gonzalez you will not decide the issues of Patricia Gonzalez's damages. But if you find that James and Marta Batmasian are not exempt, you must decide the issues of Patricia Gonzalez's damages.

Authorities:

Pattern Jury Instructions for the Eleventh Circuit, § 4.14, p. 240 (2013 ed.); 29 C.F.R. 541.100; 29 C.F.R. § 541.602; Auer v. Robbins, 519 U.S. 452, 459 (1997); Klem v. County of Santa Clara, 208 F.3d 1085 (9th Cir. 2000); *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) (clear and convincing); 29 C.F.R. § 541.700; 29 C.F.R. § 541.701; 29 C.F.R. § 541.104; 29 C.F.R. § 541.106; 29 C.F.R. 541.703; 29 C.F.R. § 541.105; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2011); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008).

Employee Issue: *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992); 29 C.F.R. § 1620.8; *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (S.D. Fla. 2001) (citing *Bartels v. Birmingham*, 332 U.S. 126 (1947)).

GIVEN AS REQUESTED ____________________
GIVEN AS MODIFIED ____________________
REFUSED ____________________
WITHDRAWN ____________________

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**

(Duty to Deliberate)

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous. In order words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But, don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Basic Instructions No. 3.8.1, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.)

Given as Requested ______________________
Given as Modified ______________________
Refused ______________________
Withdrawn ______________________

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

(Election of Foreperson and Explanation of Verdict Form)

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible-either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority: Basic Instructions No. 3.9, Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 ed.)

Given as Requested ______________________
Given as Modified ______________________
Refused ______________________
Withdrawn ______________________

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81696-DMM

PATRICIA GONZALEZ and
LESHA ROSARIO

Plaintiffs,

v.

JAMES BATMASIAN, an individual d/b/a
Investments Limited and individually and
MARTA BATMASIAN, an individual d/b/a
Investments Limited and individually,

Defendants.
_____________________________________________/

**VERDICT FORM**

**Overtime Claim of Patricia Gonzalez**

Do you find that Ms. Gonzalez has proven by a preponderance of the evidence:

1. That she was an employee of the Defendants?

Answer: Yes or No:___________________.

2. That James and Marta Batmasian was an enterprise engaged in commerce as defined by the FLSA?

Answer: Yes or No:___________________.

3. That the Defendant failed to pay Gonzalez the overtime required by law?

Answer: Yes or No:___________________.

If your answer is "No", this ends your deliberations as to Ms. Gonzalez

4. Do you find by a preponderance of the evidence that the Defendant's violations of the overtime provisions of the Fair Labor Standards Act were willful?

Answer: Yes or No:___________________.

5. That Patricia Gonzalez should be awarded $______________________as her damages for overtime.

**Affirmative Defenses**

Do you find by clear and convincing evidence:

6. That the Defendant paid Gonzalez a salary in excess of $455 per week?

Answer: Yes or No:___________________.

7. That Gonzalez's primary duty was the management of a department or subdivision of Defendants' enterprise?

Answer: Yes or No:___________________.

8. That Gonzalez customarily and regularly directed the work of two or more employees?

Answer: Yes or No:___________________.

9. That Gonzalez had the authority to hire and fire or her suggestions and recommendations as to hiring, firing, advancement, promotion or other changes in status of other employees was given particular weight?

Answer: Yes or No:___________________.

If your answers to 6, 7, 8, and 9 are "Yes" you have found that Ms. Gonzalez was an executive employee and your verdict is for Defendants on her claim.

If you answered "No" to questions 6, 7, 8, and 9, proceed to question 10.

10. Was Gonzalez's primary duty the performance of non-manual work 'directly related to management or general business operations of the employer or the employer's customers?

Answer: Yes or No:___________________.

11. Gonzalez's performance of such duty included work requiring the exercise of discretion and independent judgment with respect to matters of significance.

Answer: Yes or No:___________________.

If your answer to questions 6, 10, and 11 are "Yes" you have found that Ms. Gonzalez is an administrative employee and your verdict is for the Defendants on her claim.

[Go to the next question.]

**Overtime Claim of Lesha Rosario**

Do you find that Ms. Rosario has proven by a preponderance of the evidence:

12. That she was an employee of the Defendants?

Answer: Yes or No:___________________.

13. That James and Marta Batmasian was an enterprise engaged in commerce as defined by the FLSA?

Answer: Yes or No:___________________.

14. That the Defendant failed to pay Rosario the overtime required by law?

Answer: Yes or No:___________________.

15. Do you find by a preponderance of the evidence that the Defendant's violations of the overtime provisions of the Fair Labor Standards Act were willful?

Answer: Yes or No:___________________.

[If you answered "yes" to questions 12-14, then go to question 16. If you answered "no" to question 12, 13, or 14, you have finished your deliberations.]

16. That Lesha Rosario should be awarded $___________________________as her damages for overtime.