UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81696-DMM

PATRICIA GONZALEZ and
LESHA ROSARIO

Plaintiffs,

v.

JAMES BATMASIAN, an individual d/b/a
Investments Limited and individually and
MARTA BATMASIAN, an individual d/b/a
Investments Limited and individually,

Defendants.
_______________________________________/

**RENEWED MOTION FOR JUDGMENT AS A MATTER**
**OF LAW WITH INCORPORATED MEMORANDUM OF LAW**

The Defendants, James and Marta Batmasian, hereby file this Renewed Motion for Judgment as a Matter of Law and as grounds therefore state:

As argued at the close of Plaintiffs' case, Defendants are entitled to judgment as a matter of law on Plaintiff Gonzalez's FLSA case because the evidence established that she is an administratively exempt employee.[1] In order for the Plaintiff to have been exempt as an administrative employee, the Defendants were required to prove by a preponderance of the evidence 1) that Plaintiff's salary was at least $455 per week, 2) her primary duty is the

[1] At the close of the evidence Defendants argued for judgment as a matter of law based upon both the administrative and executive exemption. After reviewing all evidence in the light most favorable to the nonmoving party, Defendants do not withdraw their motion for judgment as a matter of law on the executive exemption but because of the manifest weight of the evidence regarding the administrative exemption, Defendants are only briefing that issue.

performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and 3) her primary duty included the exercise of discretion and independent judgment with respect to matters of significance. These three elements were proved not just by a preponderance of the evidence but by the manifest weight of the evidence.

STANDARD OF REVIEW

The standard of review for judgment as a matter of law mirrors that of summary judgment in that the non-movant must do more than raise some doubt as to the existence of facts but must produce evidence that would be sufficient to require submission of the issue to a jury. Flores v. Nuvoc, Inc., 610 F. Supp. 2nd 1349 (S. D. Fla. 2008). "The non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." Abel v. Dubberly, 210 F 3rd 1334, 1337 (11th Cir. 2000). The Plaintiffs have failed to establish by the preponderance of the evidence in a manner upon which the jury could lawfully conclude that Patricia Gonzalez was not an administrative employee.

EVIDENCE AT TRIAL

The amount of Patricia Gonzalez's salary was uncontroverted. Gonzalez admitted that her salary was never docked in all 10 years that she worked there. Furthermore, Plaintiff had a $60 per week gas card allowance, $400 per month expense account, and paid health insurance. She also received an annual Christmas bonus. The first element was met such that a reasonable juror could not have found otherwise.

Gonzalez's primary duty was the performance of office or non-manual work. Gonzalez testified that she did not perform manual labor. Gonzalez testified that she worked out of an

office. Gonzalez had an assistant. Even if one were to ignore the evidence of every witness called by the Plaintiff, save for the Plaintiff herself and James Baker, that she was the manager of the Broward portfolio of 5 buildings, Plaintiff's testimony that she was a commercial leasing agent and tenant relations manager establishes that her primary duty in procuring leases and overseeing rent readies for the Defendants related to the general business operations of the employer or its customers, i.e. tenants.[2]

The third prong of the administrative exemption was also proven by the manifest weight of the evidence. Based upon documentary evidence Gonzalez exercised discretion and independent judgment with regard to lease negotiations, rent readies, code violations, and other property management issues. Even if one were to believe Gonzalez's testimony that she was not a "manager", her primary duty, according to her, as leasing agent and tenant relations manager established that she exercised discretion and independent judgment when it came to showing a tenant a prospective space that would work for them, negotiating or preparing leases to present to her employer and taking care of any tenant problems that arose within their units.

An analogous case where the court found the administrative exemption applicable is Hines v. State Room, Inc., 665 F. 3rd 235 (1st Cir. 2011) wherein the court found that sales managers who were the primary client contacts on behalf of event venues owned by the defendants were exempt administrative employees. The court made this determination despite the fact that the plaintiffs had virtually no authority to make any financial decisions. When working with a potential client to secure an event contract, the sales managers were bound by price schedules controlled by management that dictated minimum charges for particular rooms

[2] Although Baker testified that Gonzalez was not a manager, the email that he sent to Gonzalez which was entered into evidence, referred to her as a manager.

based on the times and dates of the event. Indeed, they were expressly prohibited from creating any financial obligations for the businesses without management approval. Further, unlike the Plaintiff here, none of the plaintiffs in Hines were supervisors and had no direct authority over any other staff. As in Hines, here, the Plaintiff had a primary duty of engaging potential tenants and assisting them in selecting from various available leased premises from her employer's offerings. And as in Hines, Plaintiff was the face of the business to prospective tenants and the judgment that she exercised concerned how best to represent her employer and to develop a strategy that would attract prospective tenants to contract.

The only way a jury could have found to the contrary would have been due to not applying the law to the evidence or in allowing prejudicial comments from Plaintiff's counsel and Plaintiff's witnesses to unfairly impact their verdict. Specifically, Plaintiff’s counsel attempted to elicit testimony from Glaister Newman that Mr. Newman had met Mr. Batmasian in federal prison. James Baker, one of Plaintiff's witnesses, despite warnings by the Court to answer only the questions addressed to him, testified that James Batmasian had been convicted of payroll tax fraud. That statement was false and it was prejudicial. When Plaintiff's counsel inquired of Mr. Batmasian as to whether he had ever been convicted of a crime involving dishonesty, the jurors, most certainly, despite this Court's admonition to disregard Baker's statement, put two and two together and concluded that Mr. Batmasian was guilty of prior bad acts with regard to employees. Furthermore, Plaintiff's counsel, in closing, argued that very thing although there was no evidence of record to support it: Defendants had previously violated overtime laws. All of these improper instances explain the jurors finding of willfulness on the part of the Defendants in not paying overtime.

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendants' motion for judgment as a matter of law. Undersigned recognizes that the Court has a solid recollection of what transpired during the trial but undersigned will provide record citations once the transcript is available.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

ROD COLEMAN, PLLC
*Attorney for Batmasians*
400 South Dixie Highway
Suite121
Boca Raton, FL 33432
Tel.: (561) 620-9292

BY: */s/ Rod Coleman*
Rod Coleman, Esq.
Florida Bar No.: 371270
rfc@colemanattorneys.com
eh@colemanarrorneys.com

**Service List**
Chris Kleppin, Esq.
ckleppin@gkemploymentlaw.com
esinclair@gkemploymentlaw.com
dcano@gkemploymentlaw.com